Louis B. Heller, J.
In this action for personal injuries sustained as a result of the alleged negligence of the three defendants, all the defendants move to dismiss the complaint for the plaintiff’s failure to diligently prosecute his action. In addition the third-party defendant, Long Island Steel Erecting Corp., *958 likewise moves for such relief against the plaintiff and third-party plaintiff, Lieb Iron Works Corp.
The moving papers of the defendant Lieb Iron Works Corp. reveal that issue was joined on November 17, 1958; a bill of particulars was served on January 6, 1960, and examinations before trial of the parties were completed on March 15, 1960. Since that time no action has been taken by the plaintiff to place the cause on the calendar. The defendant Beach Shopping Center Inc., in its papers reveals that issue was joined November 13,1958 and a bill of particulars served on January 6, 1960, and the examination before trial completed January 7, 1960, without any further action being taken since then. Defendant Century Construction Corp., alleges that no action since December, 1958 was taken by the plaintiff against it.
In opposition the plaintiff sets forth a series of events and occurrences which greatly tend to mitigate the lack of prosecution charged. The affidavit submitted by the plaintiff’s present attorney demonstrates that plaintiff’s original attorney died of cancer of the blood on December 1, 1960 and he had for some period prior to that date been very ill and confined to various hospitals, resulting in the neglect of his practice, defaults taken on many of his matters relating to trials, examinations before trial, as well as the service of bills of particulars.
Upon taking over of the deceased attorney’s practice, the present attorney encountered many difficulties in straightening out his predecessor’s affairs. In examining the instant file he discovered that the complaint, answer and bill of particulars were missing and only about three months ago became aware of the fact that these papers had been turned over to trial counsel by the deceased attorney a short time prior to his death. Both attorneys have attempted to contact plaintiff for the purpose of obtaining the necessary affidavits needed to place the case on the calendar, but without success, he presently being somewhere in Canada engaged in structural steel work, that being his profession.
It is further submitted that the plaintiff sustained serious injuries resulting from a steel beam giving way, throwing plaintiff to the ground.
In the light of this record and the nature of the action, it may well be that the inaction or delay could be excused (De Long Corp. v. Steers, Inc., 10 A D 2d 705; Zeiger v. Kew Towers, 8 A D 2d 827). However, plaintiff may not be relieved of his responsibility to submit the required affidavit of merits. A failure to prosecute requires the dismissal of the action in the absence of a showing of merits (De Long Corp. v. Steers, Inc., *959 supra; American Sur. Co. of N. Y. v. Solomon, 9 A D 2d 734; Parmett v. Concord Hotel, 9 A D 2d 767). The attorneys in this action cannot be said to have such personal knowledge of the facts as to substitute their affidavits for that of the plaintiff (Cavac Compania Anonima Venezolano De Administracion Y Comercio v. Stanley, 12 A D 2d 461).
Accordingly, all motions are granted. However, leave is granted to the plaintiff and the third-party plaintiff to move to vacate the dismissals within a reasonable time after the service of the order herein with notice of entry, upon the production of a proper affidavit of merits as well as the excuse for the delay in prosecuting the action.